PENINSULAR NOVELTY Co. *v.* AMERICAN SHOE-TIP Co. *et al.*

(*Circuit Court, D. Massachusetts.* September 4, 1889.)

**1. PATENTS FOR INVENTIONS—INFRINGEMENT—BUTTON-SETTING INSTRUMENT.**
    The invention described in letters patent No. 293,234, issued February 12, 1884, to Charles H. Eggleston, is a button-setting instrument, which fastens buttons with metallic staples strung in the eye and clinched on the opposite side of the fabric, the feature being a guide to receive a staple and attached button and hold them in place while being fastened. This guide has a groove to inclose the outer sides of the staple-legs, a slot to embrace the sides of the button-eye between the staple and the button, and a groove in its rear for that portion of the button-eye which extends behind the crown of the staple. It also has clinching dies for operating on the points of the staple, towards and from which a guide moves to admit the insertion of the fabric to which the button is fastened. Defendants' machine is made according to letters patent No. 371,632, issued to Ira J. Saunders. At its top is a button and staple reservoir, with many channels, each holding an upright row of buttons with staples inserted in the eyes. The reservoir can be partially revolved by hand, so that one of the channels will communicate with a single lower one, into which the buttons and staples fall. This channel is cut away at the rear, near the bottom, where a driver is inserted to drive the staple and then withdrawn. The driver is substantially like the Eggleston driver, and moves in a right angle towards the anvil through the guide. The guide is also substantially like the Eggleston guide, being a rectangular tube, with a slot to receive the shank of the button, and moves up and down towards the anvil against which the staple is clinched. *Held,* that defendants' machine is an infringement of the Eggleston patent.

**2. SAME.**
    The invention described in letters patent No. 312,987, issued February 24, 1885, to Edward O. Ely, is a machine for presenting buttons and staples automatically to a guide, united with a stationary channel in which a number of buttons and staples are held, and from which they slide downward. The guide is funnel-shaped, and so narrow at the bottom that the staple will not drop out, but must be forced out by the driver. Its rear wall is inclined outward at the top, and its sides inclined inward as they descend, so as to pinch the staple-legs towards each other. A movable guide receives the legs of the staple and guides them into alignment with the path of the driver. In defendant's machine the channel and guide are in the same line, and the guide is of the same bore throughout, but in order to prevent the staple from dropping out there is applied to the bottom of the guide an oscillating finger. Complainant bases its charge of infringement on claims 3 and 6 of the patent, which include as elements of the combinations the guide and raceway. *Held,* that defendant's machine does not infringe the Ely patent.

**3. SAME—ANTICIPATION.**
    As the Eggleston machine is not merely one for inserting and clinching metallic staples, but is a device to insert and clinch staples with buttons attached, and, as prior inventions will not set staples with buttons, it cannot be held that the Eggleston button-setting machine is anticipated by the McGill patent of 1879, or others of that class, for setting and clinching metallic staples.

In Equity.   On.motion for preliminary injunction.

Suit by the Peninsular Novelty Company against the American Shoe-Tip Company and others for the infringement of letters patent No. 293,-234, of February 12, 1884, to Charles H. Eggleston, for button-setting instrument, and No. 312,987, of February 24, 1885, to Edward O. Ely, for an improvement in button-setting machines.

*George L. Roberts & Bro.*, for complainant.

*Chauncey Smith* and *William A. Macleod*, for defendants.

COLT, J.   The present hearing was had on motion for a preliminary injunction.   The suit is brought against the defendants upon two patents, namely, No. 293,234, of February 12, 1884, granted to Charles H. Eggleston, for button-setting instrument, and No. 312,987, of February 24, 1885, granted Edward O. Ely for an improvement in button-setting machines.   The complainant is the owner of both patents.   The inventions secured by these patents are specially well adapted for use in setting metallic staple fasteners, like those manufactured in large quantities by the complainant.   Eggleston describes his invention as relating to that class of setting devices used in clinching metallic staples, or fasteners,. which engage with the eye of the button, and have prongs which pass through the fabric, and are clinched on the side opposite the button; the object of the invention being to produce a setting device which can be used conveniently for setting and clinching an ordinary metallic staple, and have the two prongs of the staple in a line at right angles with the strain on the button.   The instrument consists of three parts: *First.* A guide to receive a two-pronged staple with attached button, and to hold them in proper position while operated upon by the jaws.   This guide has a groove which incloses the outer sides of the staple-legs, a slot which embraces the side of the button-eye between the staple and the button, and a groove in its rear to give room for that portion of the button-eye which extends behind the crown of the staple.   *Second.* A jaw, J, which is provided with suitable clinching dies for operating upon the points of the staple under pressure, and towards and from which the guide can be moved to admit the insertion of the material through which the legs of the staple are to be driven.   *Third.* A jaw, J', which serves as a plunger or driver adapted to pass into and through the groove in the guide which incloses the legs of the staple.   Upon the acting face of this driver there is a recess or slot which enables it to straddle the eye of the button during the operation of setting the staple, and the driver consequently acts upon the crown of the staple without interference from the eye of the button.   The single claim of the patent is as follows:

"In a button-setting instrument the guide, G, provided with slot, *i*, and groove, *t*, placed between and in combination with the jaws, J J', the groove, *t*, and the slot, *i*, being so placed with reference to each other that the groove will receive the staple and the slot, *i*, the eye of the button, substantially as described."

The specification also states that the setting device may be constructed to be operated by any suitable power.   The button-setting machine of

the defendants is constructed substantially in accordance with letters patent No. 371,632, granted to Ira J. Saunders. In this machine there is at the top a button and staple reservoir, provided with many channels, each holding an upright row of buttons, with staples inserted in the eyes thereof. This reservoir can be partially revolved by hand, so that one of the channels will communicate with a single channel on a lower level, and the buttons and staples will fall by gravity from one of the channels into this single lower channel. The lower channel is cut away at the rear, not far from its lower end, so that a driver can be introduced into the channel to drive a staple, and then be removed from the channel. This driver, in its acting part, is shaped substantially like the Eggleston driver, and when driving the staple it moves in a right line towards the anvil and through the guide, the guide in this machine being the lower end of the single channel in which the driver moves. This guide is constructed like the Eggleston guide, it being a rectangular tube to receive a staple carrying a button, and with a slot in its face to receive the shank of the button. An anvil is secured below the lower end of the guide against which the staple is clinched. The guide moves up and down with reference to the anvil so as to permit the insertion and the withdrawal of the fabric. I have no doubt that the defendants' machine contains the invention set forth in the claim of the Eggleston patent.

It is strongly urged, however, by the defendants that, in view of prior structures, the Eggleston device was not patentable. No prior machine is referred to which contains the invention of Eggleston, but prior patents and machines are introduced which show general features of construction which approach the Eggleston machine, and it is contended that these anticipate or limit the Eggleston invention. In dealing with the prior state of the art as affecting the Eggleston patent it must always be borne in mind that the Eggleston device is not merely a tool for inserting and clinching staples, but for inserting and clinching staples with a button attached. The prior devices, referred to as an anticipation of Eggleston's, are, as a class, machines for inserting and clinching staples, and they will not set staples with buttons attached, at least not without changes in construction, and then in a crude and imperfect manner. Now that Eggleston has pointed out the way, it may seem comparatively easy to alter a staple-setting tool made after the McGill patents, or after the Heyl patent, into a tool for setting a button; but this is not sufficient to overthrow the Eggleston patent. To set a staple with a button hanging loosely upon it, and to set a staple simply, or one having a fixed projection like a horseshoe attached to it, are quite different problems. In the construction of his guide with its traverse slot for holding the eye of the button in connection with his driver and anvil, Eggleston solved this problem, and it proved to be so important that the defendants seem to be obliged to incorporate his invention into their improved machine in order to have it practically operative. I do not feel called upon in this opinion to critically compare the Eggleston device with each of the many prior devices introduced in evidence by the defendants. The last expert called by defendants appears to rely mainly on the McGill pat-

ents as an anticipation of the Eggleston invention.    The McGill patent of October 28, 1879, No. 220,932, is for a staple-setting implement.    It shows two jaws in the form of a pair of pliers and a supplemental jaw. This supplemental jaw, or staple-holding case, has grooves which support the staple-legs, and an opening which is to receive the horseshoe made in one piece with the staple, but it has no slot whose edges center the button-eye in the staple as in Eggleston's.    The pliers of McGill will not hold the button-eye in the proper place on the staple, the acting face of the driver has no slot in it to receive the button-eye, and the driver and anvil are so shaped and constructed that the button would be smashed before the staple could be driven or clinched.    In McGill patent No. 220,- 933, also dated October 28, 1879, the specification states that a staple provided with almost any shape of head may be inserted with this de- vice by using in it plungers with faces correspondingly shaped, provided that the bottom of the plunger-feathers will always rest on the shoulders of the shanks of the staple.    The Eggleston patent is not for the form of the acting face of the driver, and it may be questioned whether this de- scription in the McGill patent would cover a driver whose face was con- structed to set a staple with a button attached, though it undoubtedly covers drivers so shaped as to fit staples of various shapes.    However this may be, the Eggleston invention must be taken as a whole, and it may be said that McGill never contemplated driving a staple with a but- ton strung upon its crown, and never had any idea of making a machine that would perform that duty.    With respect to the Eggleston patent I think the complainant has made out a case which fairly entitles it to the injunction asked for by this motion.

We come next to the Ely patent.    Ely states that his invention has for its object to produce a machine wherein the buttons and staples shall be automatically presented to a guide, or carrier, having a com- bined driver and former co-operating therewith.    The Ely patent has the jaws and guide of the Eggleston patent, but they are united in a machine, and there is combined with them a race-way or channel-way, in which a number of buttons or staples may be held, and which slide downward by force of gravity.    The channel in the Ely machine is represented as stationary.    Below it is a vertical guide, and there is an opening be- tween the two through which the driver can enter to drive staples and be withdrawn after a staple is driven.    In the Ely machine the guide is funnel-shaped, widest at the top, and so narrow at the bottom that the staple will not drop out, but must be forced out by the driver.    Its rear wall is inclined outward at the top to secure the legs of the staple, and its sides are inclined inward as they descend, so as to pinch the staple- legs towards each other.    In this machine a moveable guide receives the legs of the staple from a stationary, inclined race-way, and guides them into alignment with the path of the driver.    In defendants' machine the race, or channel-way, and the guide, are in the same line, or, as the defendants say, the race and guide are the same.    The driver has at times a horizontal motion so as to enter the guide, and then a vertical motion to drive the staple, and there is an opening in the back of the

channel-way to permit the driver to enter in order to descend into the guide and to retreat after it has withdrawn from the guide. In the defendants' machine the guide is of the same bore throughout, but in order to prevent the staple from dropping out there is applied to the bottom of the guide an oscillating finger. I am not satisfied that the defendants' machine contains the invention of Ely. The complainant bases its charge of infringement mainly on claims 3 and 6 of the patent. These claims include as elements of their combinations the guide and race-way. It seems to me that the guide and race-way of the defendants' machine are different from the guide and race-way of Ely, and I do not feel warranted on this motion for an injunction in giving such a broad construction to the Ely patent as would embrace the machine of the defendants.

An injunction is granted as to the Eggleston patent in suit and refused as to the Ely patent.