HEATON–PENINSULAR BUTTON FASTENER CO. v. ROONEY.

(Circuit Court, D. Massachusetts. December 27, 1894.)

No. 432.

PATENTS—PRELIMINARY INJUNCTION—BUTTON FASTENERS.
Preliminary injunction against alleged infringement of the Eggleston patent, No. 293,234, for a device for setting a button having a metallic staple, refused because the court was in doubt on the question of infringement.

This was a suit in equity by the Heaton-Peninsular Button Fastener Company against William Rooney, for alleged infringement of a patent. Complainant moved for a preliminary injunction.

Lange & Roberts, for complainant.
John R. Bennett and Wm. B. H. Dowse, for defendant.

COLT, Circuit Judge. The Eggleston patent, No. 293,234, upon which suit is now brought, and which has been duly assigned to the plaintiff, is for a device for setting a button to which a metallic staple is attached. It is composed of a driver, anvil, and guide. The guide contains a groove for the reception of the staple, which is strung upon the eye of a button, and for the passage of the staple and driver during the operation of setting the staple in the fabric. The guide also has two slots for holding the eye of the button; the front slot, i, "for the reception of that portion of the button eye which is between the staple and the button," and the rear slot, n, "for the reception of that portion of the button eye that is below the staple." The single claim of the patent is for the guide, provided with the slot, i, and groove, in combination with the driver and anvil; the groove and slot, i, being so placed with reference to each

other that the groove will receive the staple, and the slot, i, the eye of the button. The slot, n, is not made an element of the claim.

This patent came before this court for consideration in Peninsular Novelty Co. v. American Shoe-Tip Co., 39 Fed. 791, and was held to be valid. The defense of want of invention was overruled mainly on the ground that the alleged prior anticipatory devices were merely staple-setting instruments, while the Eggleston invention was for a device for driving a staple strung upon the eye of a button. The next case was brought by the Peninsular Novelty Co. v. Olds,[1] in the circuit court for the Western district of Michigan. In that case Judge Severens decided that the slot, n, was not an essential feature of the Eggleston patent, and that the defendant's machine infringed, although it did not contain this feature. A third suit was brought in the same district by the present plaintiff (assignee of the Peninsular Novelty Company) against the Elliott Button Fastener Company. 58 Fed. 220. The defendant's machine, in that case, is known as the "First Elliott Machine," and it was held to infringe the Eggleston patent. In the present case the real defendant is the Elliott Machine Company, and the machine now in controversy is known as the "New Elliott Machine." The Elliott machine is both a staple former and a staple fastener. The wire is fed from a roll into the machine, and the buttons are fed from a hopper. Each button passes from the hopper, through a raceway, to a staple former, guided by means of a finger and a slot in the guide, which holds the eye of the button. The wire then passes through the eye of the button, and is cut off, and the staple is formed around the former by the downward movement of the guide, the legs of the staple being held by the grooves in the guide. The former is then withdrawn, and the staple driven by the action of the driver.

The construction of the Elliott machine is not complex, but its parts are so compact, and the machine operates with such rapidity, that it is not easy to detect the precise function of each part, or to discover when the function of one part ends, and of another succeeding part begins. There is no doubt that the Elliott machine has the guide, with its groove for holding the staple, as well as the driver and anvil, of the Eggleston patent. The question is whether it contains the slot, i, of the patent, and this is important, because in the slot, i, resides largely the improvement which Eggleston made over prior staple-setting devices. In the First Elliott machine the slot in the guide was cut away in part; in other words, it did not guide the eye of the button during the whole operation of driving the staple. Mr. Justice Brown and Judge Severens decided, however, that, inasmuch as the slot held and guided the eye of the button until the driver was seated upon the crown of the staple, it was in substance the slot, i, of the Eggleston patent, because, after the eye of the button has entered the recess in the driver, there was no longer any necessity for the slot in the guide. The New Elliott machine has been so far modified that the slot in the guide does not hold the eye of the button during any portion of the staple-setting process.

[1] Not reported.

In this machine, after the button is seated upon the former, the slot in the guide is withdrawn, and does not subsequently inclose the eye of the button. There can, therefore, I think, be no controversy that the slot in the guide does not perform any function of the slot, i, in the Eggleston patent. The only question is whether the slot in the former of this machine is the equivalent of the slot, i, of the Eggleston device. Upon this point, on careful consideration, my mind is not free from doubt. If I were convinced that the slot in the Elliott former was only a continuation of the slot in the guide, and that it performed the same function as the slot, i, in the Eggleston device, I should grant the preliminary injunction asked for; but, if I have a reasonable doubt on the question, it is my duty to let the case go over until final hearing, when the full proofs will be presented. The doubt which I have arises from the fact that the slot, i, is defined in the Eggleston patent as receiving "that portion of the button eye which is between the staple and 'the button"; and I am not clear' that the slot in the Elliott former can be considered as receiving and guiding, in the sense of the Eggleston patent, such portion of the eye of the button, it appearing to me that the slot in the Elliott former performs rather the function of the slot, n, of the Eggleston patent. Again, the slot, i, of the Eggleston guide holds a portion of the eye of the button during the operation of driving the staple, while in the Elliott machine the former, with its slot, is withdrawn at or about the time the driver begins its descent; in other words, before the driver strikes the crown of the staple the eye of the button has ceased to be held in any slot whatsoever. Whether or not the finger operates to hold the button in place during the interval between the withdrawal of the former and the time when the driver comes in contact with the crown of the staple, I do not decide. Without in any way intimating what conclusion may be reached on final hearing when the court will have the benefit of full evidence touching all the points in the case, I must, upon the ground of reasonable doubt as to infringement, deny the present motion. Motion denied.